# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Alfred Simmons, Jr., ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 0:16-cv-3442-PMD-PJG |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Plaintiff Alfred Simmons' objections to United States Magistrate Judge Paige J. Gossett's report and recommendation ("R & R") (ECF Nos. 24 & 23). The Magistrate Judge recommends that the Commissioner's decision be affirmed. For the reasons stated herein, the Court overrules Simmons' objections and adopts the R & R.

## PROCEDURAL HISTORY

On January 15, 2018, the Magistrate Judge issued her R & R recommending that the Court affirm the ALJ's decision. Simmons filed objections on January 30, and Defendant responded on February 9. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may

accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

A reviewing court must uphold the findings and conclusions of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In reviewing for substantial evidence, [the Court] do[es] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its own] judgment for that of the [ALJ]." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). When "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the decision is left to the judgment of the ALJ. *Id.* (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987)).

Simmons raises three objections to the R & R. First, he objects to the ALJ's finding that his peripheral vascular disease was not a severe impairment. Second, he objects to the Magistrate Judge's determination that the new evidence presented to the Appeals Council does not merit

2

remand to the ALJ. Third, he objects to the ALJ's evaluation of his subjective complaints. The Court addresses each in turn.

I.  **Peripheral Vascular Disease**

Simmons argues that the Magistrate Judge and the ALJ erred in determining that his peripheral vascular disease ("PVD") was not a severe impairment. Specifically, Simmons argues that both the ALJ and Magistrate Judge improperly relied on Simmons' vascular study results (which were normal), rather than his arterial study results (which showed abnormalities). Simmons bears the burden of showing his impairment is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

In determining that Simmons' PVD was not a severe impairment, as defined by 20 C.F.R §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii), the ALJ noted that in February 2014, Simmons' complaints were mostly related to his osteoarthritis and his venous studies were negative. The ALJ also noted that Simmons' May 2014 physical was normal, though he acknowledged that a June arterial study showed severe PVD on the right side and moderate PVD on the left. Still, the ALJ found this condition was not a severe impairment because a November vascular study showed that, following treatment, Simmons' PVD was reduced to only mild findings on the right and no PVD on the left.

Simmons argues that the ALJ improperly relied on the May physical to conclude that Simmons did not have PVD at that time. He argues that the physical is merely silent on his PVD because it did not include any vascular or arterial testing. The Court finds that Simmons misreads the ALJ's use of the May physical. The ALJ did not conclude that the May physical was conclusive evidence that Plaintiff did not have PVD at that time. Rather, the ALJ merely noted that the May exam was normal. Since Simmons bears the burden of showing he has a severe

3

impairment, *Bowen*, 482 U.S. at 146 n.5, a physical that is merely silent with respect to his PVD fails to help him meet his burden.

Even assuming, for the sake of argument, that a May vascular or arterial study would have shown PVD, the ALJ's determination is still supported by substantial evidence since treatment improved Simmons' condition within a matter of months. After the June diagnosis and some treatment, the November vascular study showed only mild symptoms on the right and no symptoms on the left. Thus, the ALJ's determination that Simmons' PVD was not severe is supported by substantial evidence.

Contrary to Simmons' claims, neither the ALJ nor the Magistrate Judge conflated the vascular and arterial study results. The ALJ cited both the June arterial study and November vascular study with accuracy, and the Magistrate Judge accurately described the ALJ's analysis in the R & R.

Finally, Simmons objects to the Magistrate Judge's conclusion that he was not harmed by the ALJ's determination that his PVD was not severe. The Magistrate Judge reasoned that Simmons could not have been harmed even if the PVD severity finding was in error since the ALJ found that he had other severe impairments (degenerative disc disease and obesity), and considered evidence relating to his PVD throughout the decision. The Court agrees with the Magistrate Judge's determination. Though the ALJ did not find the PVD to be severe, when the ALJ determined the Simmons' residual functional capacity ("RFC"), he explicitly considered the June and November studies, as well as the Simmons' complaints of pain and his assessment for PVD in October 2014. The Court finds that the ALJ's determination that Simmons' PVD was not severe is supported by substantial evidence and that, contrary to Simmons' assertion, the ALJ considered Simmons' PVD symptoms throughout the decision.

## II. Additional Evidence Submitted to the Appeals Council

Simmons objects to the Magistrate Judge's determination that he is not entitled to remand based on the evidence he submitted to the Appeals Council after the ALJ's decision. If a plaintiff is dissatisfied with the decision of an ALJ, he may request review by the Appeals Council. 20 C.F.R. § 404.967. "The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge." *Id.* If the Appeals Council denies review, the ALJ's decision remains the final decision of the Commissioner, subject to substantial evidence review. *Meyer v. Astrue*, 662 F.3d 700, 702, 704 (4th Cir. 2011). If the plaintiff appeals to the district court, the court examines whether the ALJ's decision is supported by substantial evidence by looking to "'the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.'" *Id.* at 704 (quoting *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991) (en banc)). If the reviewing court cannot determine if the ALJ's decision is supported by substantial evidence, remand is appropriate. *Id.* at 707.

Following the denial of benefits by the ALJ, Simmons requested review by the Appeals Council and submitted additional medical records from November 2014 through April 2015. The Appeals Council considered the record before the ALJ as well as the new medical records and found that "this information d[id] not provide a basis for changing the Administrative Law Judge's decision." (Social Security Admin. R., ECF No. 9-2, at 2.) Specifically, the Appeals Council explained, "These [new] records do not change the weight of the evidence because the doctor recommended that you not walk on bare feet and use well cushioned shoes and this is consistent with the RFC the Administrative Law Judge found." (*Id.*) Reviewing the whole record, the Magistrate Judge held that substantial evidence still supported the ALJ's decision. In addition to

the reasons put forth by the Appeals Council, the Magistrate Judge noted that the new evidence included notes from a February 2015 exam that revealed "mild [disease] on the right, but none on the left" and the doctor concluded that Simmons' pain did "not have an ischemic component." (Social Security Admin. R., ECF No. 9-13, at 844.)

The Court agrees that the new evidence does not entitle Simmons to a remand since the ALJ's decision is still supported by substantial evidence. Though Simmons argues that the new evidence tips the scales in his favor, he undermines his argument by relying on those records that were already reviewed by the ALJ and which showed Simmons' worst symptoms. While arguing that he is entitled to remand, Simmons briefly references the new evidence, but then focuses on the results of the June 2014 arterial exam showing severe disease and the November 2014 exam showing only mild disease after a few months of intervening treatment. As discussed above, the ALJ properly analyzed these records and Simmons' quick improvement supported the ALJ's RFC finding. Contrary to Simmons' assertion, the new evidence shows that arterial disease continued to be mild on the right and nonexistent on the left through February 2015, further supporting the ALJ's decision. In short, the record as a whole does not entitle Simmons to a remand.

## III.   Subjective Complaints of Pain

Finally, Simmons argues that the Magistrate Judge erred in concluding that the ALJ properly evaluated Simmons' subjective complaints of pain, citing three alleged deficiencies. First, Simmons argues that the ALJ improperly relied on the opinion of a state medical consultant from October 2013, before the amended alleged onset of his disability, and that the Magistrate Judge failed to address this error. However, the Magistrate Judge did address the ALJ's reference to the October 2013 report and concluded that it did not render the ALJ's decision unsupported. The Court agrees. The ALJ referred to the October 2013 assessment of a state medical consultant

alongside an updated physical assessment conducted by a different state consultant, Dr. Lang, in May 2014, after the alleged onset of Simmons' disability. Dr. Lang's assessment reached similar conclusions. The ALJ only afforded these assessments partial weight, considering that they were largely consistent with the record as a whole but somewhat inconsistent with more recent evidence, particularly exams and treatment since the alleged onset of disability. Simmons has failed to show that the ALJ's reference to the October 2013 assessment prejudiced him in any way. *See Alston v. Colvin*, No. 4:13cv65, 2014 WL 934532, at *9 (E.D. Va. Mar. 10, 2014) (finding harmless error when ALJ failed to amend alleged onset of disability and thus considered evidence prior to that date); *Lott v. Berryhill*, 1:16CV1073, 2017 WL 3610563, at *6 (M.D.N.C. Aug. 22, 2017) (". . . Plaintiff has not shown that consideration of a greater period of time rendered the ALJ's decision unsupported by substantial evidence.").

Second, Simmons argues that two consultative examining physicians, Dr. Lang and Dr. Roberts, did not review Simmons' records regarding his arterial disease and that the Magistrate Judge failed to address this alleged error. As discussed above, Dr. Lang's May 2014 physical assessment was only given partial weight, and the ALJ explained how it was consistent with other evidence showing that Simmons has postural limitations. Dr. Roberts conducted a consultative orthopedic examination, also in May 2014, which showed Simmons had a normal gait, normal posture, and full range of motion. Dr. Roberts found that Simmons could walk a short distance, get dressed and undressed, and get on and off the exam table. Based on this exam, Dr. Roberts concluded that Simmons' work-related movements were unrestricted. Significantly, both doctors' exams took place before the June arterial study and November vascular study. Though Simmons complains that they did not review records relevant to his arterial disease, it is unclear which records he is referring to, since the June and November records showing some degree of arterial

7

disease did not exist when Dr. Lang and Dr. Roberts examined him.  Simmons has not identified other records that these doctors should have reviewed, nor has he identified a time when they should have reviewed the June and November studies.  In any event, Dr. Lang's and Dr. Roberts' exams are a small part of a large examination and treatment record considered by the ALJ, and that record clearly included documentation of Simmons' arterial disease.  Simmons has not shown any error by Dr. Roberts or Dr. Lang which could have affected the ALJ's findings regarding Simmons' subjective complaints.

Finally, Simmons argues that the Magistrate Judge failed to properly consider his allegation that he can walk only twenty to fifty feet without rest, due to his arterial disease.  However, the Magistrate Judge cannot re-weigh evidence or make credibility determinations.  *Craig*, 76 F.3d at 589.  The ALJ determined that Simmons' "statements concerning the intensity, persistence and limiting effects of [his] symptoms [were] not entirely credible." (Social Security Admin. R., ECF No. 9-2, at 20.)  As the Magistrate Judge explained, the ALJ provided a thorough explanation of the medical records he reviewed in determining the credibility he gave to Simmons' subjective complaints.  As the Magistrate Judge stated, Simmons has not pointed to any error the ALJ committed in reaching that determination.  The Magistrate Judge and this Court are limited to verifying that the ALJ applied the correct law and reached a decision supported by substantial evidence.  *Craig*, 76 F.3d at 589.  The Court finds that the ALJ considered the correct factors in evaluating Simmons' complaints and that the ALJ's decision was supported by substantial evidence.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Simmons' objections are **OVERRULED**, that the R & R is **ADOPTED**, and that the Commissioner's final decision is **AFFIRMED**.

AND IT IS SO ORDERED.

                                                     _____
                                                     PATRICK MICHAEL DUFFY
                                                     United States District Judge

**March 13, 2018**
**Charleston, South Carolina**